70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Silvio ECHEVERRI-PULGARIN, Defendant-Appellant.
 No. 95-30037.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1995.*
Decided Nov. 30, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Echeverri-Pulgarin pleaded guilty to distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to 60 months imprisonment, the mandatory minimum for his offense. He appeals his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Echeverri argues that the court erred when it denied a reduction based on a "minor" or "minimal" role in the offense under U.S.S.G. Sec. 3B1.2(a) or (b) because he was only a courier. We review for clear error the court's determination that a defendant was not a minor participant. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994).
 
 
 4
 Echeverri bears the burden of proving by a preponderance of the evidence that he was a minor participant. United States v. Taren-Palma, 997 F.2d 525, 535 (9th Cir.1993). A minor participant is one who is less culpable than most other participants or substantially less culpable than the average participant. United States v. Pinkney, 15 F.3d 825, 828 (9th Cir.1994).
 
 
 5
 The standard for qualification as a minimal participant is even more stringent. The Guidelines commentary says that adjustments for minimal participation are reserved for defendants who are "plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. Sec. 3B1.2, comment. (n. 1.) "[L]ack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990).
 
 
 6
 Echeverri does not dispute that he delivered about three kilograms of cocaine. Nor does he deny his $6,000 profit on the deal. He offered no evidence supporting his assertion that he was only a courier. Defense counsel conceded that Echeverri was "not exactly a drug courier. He was a middle man." The court did not clearly err in concluding that he was essentially at the same level of culpability as everyone else involved and was neither a minor nor minimal participant. Cf. Pinkney, 15 F.3d at 828, (denying defendant adjustment for minor role where defendant drove getaway car, transported stolen checks to his home and intended to profit from cashing them).
 
 
 7
 Because we find that he does not qualify for a reduction as a minor or minimal participant, we need not address the applicability of the safety valve provision of 18 U.S.C. Sec. 3553(f).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3